IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| BILLY LIVELY, *On behalf of Tina Lively*, | * * * | |
| Plaintiff, | * | |
| v. | * * | No. 3:18cv00018-JJV |
| NANCY A. BERRYHILL, Acting Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security, | * * * * * | |
| Defendant. | * | |

**<u>MEMORANDUM AND ORDER</u>**

Plaintiff, Billy Lively, on behalf of his deceased wife, Tina Lively, has appealed the final decision of the Commissioner of the Social Security Administration to deny Ms. Lively's claim for disability insurance benefits and a period of disability insurance benefits. Both parties have submitted appeal briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported

an opposite decision.  *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).  After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and the Complaint should be DISMISSED.

Ms. Lively was forty-seven years old at the time of her death.  (Tr. 84, 603.)  She passed away from the residual effects of an overdose of home medications.  (Tr. 598-599, 603.)  She was a high school graduate and attended college for two years.  (Tr. 84.)  She earned a license as a pharmacy technician (*id.*), and worked as a retail pharmacy technician from "about 2002 until 2014." (Tr. 24.)

The Administrative Law Judge[1] (ALJ) found Ms. Lively had not engaged in substantial gainful activity since her alleged onset date – May 20, 2014.  (Tr. 17.)  She had "severe" impairments in the form of "obesity, degenerative disc disease, diabetes mellitus, hypertension, neuropathy, osteoarthritis of the knees, depressive disorder, and anxiety disorder." (*Id.*)  The ALJ further found Ms. Lively did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2]  (Tr. 17-19.)

The ALJ determined Ms. Lively had the residual functional capacity to perform a reduced range of sedentary work given her mental and physical limitations.  (Tr. 19-20.)  The ALJ determined Ms. Lively could no longer perform her past work, so the ALJ utilized the services of

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

a vocational expert to determine if jobs existed that she could perform despite her impairments. Based on the testimony of the vocational expert (Tr. 97-101), the ALJ determined Ms. Lively could perform the jobs of final assembler (optical goods) and ampoule sealer.  (Tr. 25.)  Accordingly, the ALJ determined Ms. Lively was not disabled.  (*Id*.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner.  (Tr. 1-4.)  Plaintiff filed the instant Complaint initiating this appeal.  (Doc. No. 2.)

In support of the Complaint, Plaintiff argues the ALJ incorrectly evaluated Ms. Lively's subjective complaints and residual functional capacity.  (Doc. No. 11 at 25-31.)  The residual functional capacity assessment is largely based on an ALJ's assessment of a claimant's subjective symptoms.  Understandably, Plaintiff argues this assessment was flawed.

The ALJ considered Ms. Lively's subjective complaints in light of Social Security Ruling 96-8p.  (Tr. 20-24.)  That ruling tracks *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), which states:

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints.  The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
>     1. the claimant's daily activities;
>
>     2. the duration, frequency and intensity of the pain;
>
>     3. precipitating and aggravating factors;
>
>     4. dosage, effectiveness and side effects of medication;
>
>     5. functional restrictions.

> The adjudicator is not free to accept or reject the claimant's subjective complaints *solely* on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Polaski v. Heckler*, 739 F.2d at 1322 (emphasis in original).

Given this limited review, second-guessing an ALJ's assessment of subjective symptoms is an agonizing task. Ms. Lively clearly had limitations and some serious health issues. However, being mindful of the "substantial evidence" test in these cases, the record contains adequate objective medical evidence to support the ALJ's determination here.

Plaintiff argues the ALJ relied heavily on daily activities and these activities do not translate into the ability to work full time. (Doc. No. 11 at 26.) But I find the ALJ relied on the entire record. He stated, "Consideration was also given to all the evidence presented related to the claimant's prior work history, and the observations of non-medical third parties, as well as treating and examining physicians related to [her subjective symptom evaluation]." And the medical evidence supports the ALJ's decision. As the Commissioner points out, examinations often revealed normal gait, muscle strength, and motor and sensory functions. (Tr. 275-276, 315, 318, 326, 420, 476, 501, 507, 511.) Brett Alberty, M.D., and Bill F. Payne, M.D., reviewed the medical evidence and both concluded Ms. Lively was capable of performing sedentary work. (Tr. 112-114, 131-133.) While I realize Drs. Alberty and Payne never examined Ms. Lively, their opinions may still be considered substantial evidence if supported by the medical evidence.

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (emphasis added). A "physical or mental impairment . . . results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically

acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). Although Ms. Lively has had serious medical issues, the treatment records fail to show marked limitation in her ability to perform work related activities at the sedentary exertional level. Plaintiff has advanced other arguments that I find are without merit.

Plaintiff's counsel has done an admirable job advocating for Mr. Lively on behalf of his wife. But it is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record that contradicts his findings. The test is whether there is substantial evidence on the record as a whole to support the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final decision of the Commissioner is affirmed and Plaintiff's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 13th day of August, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE